JOACHIM SPALTI v. FREDOLIN BLUMER and Others.[1]

December 19, 1895.

Nos. 9774—(199).

**Homestead—Mortgage—Consent of Wife.**

G. held a mortgage on the land of the defendants F. B. and S. B., which mortgage was evidenced by a deed absolute on its face and an agreement to reconvey. Thereafter S. B. married, and he and his wife occupied the premises as their homestead. Thereafter, at the request of F. B. and S. B., plaintiff paid G. the amount of his mortgage indebtedness and $130 more for the use and benefit of F. B. and S. B. G. made a deed of the land to plaintiff, who made an agreement to reconvey to F. B. and S. B. on being repaid the total amount so advanced by him, and F. B. and S. B. released the agreement made by G. to reconvey to them. The intention of all the parties to the transaction was that plaintiff should have security on the land for the total amount so advanced by him, but the wife of S. B. did not consent in writing thereto. *Held*, all the rights of G. were by the transaction transferred to plaintiff, and to that extent he had a lien on the land superior to the homestead rights of S. B. and his wife.

**Rulings Reviewed.**

Other unimportant rulings of the trial court reviewed and disposed of.

Appeal by defendants Fredolin, Sebastian and Matilda Blumer from an order of the district court for Washington county, Crosby, J., denying a motion for a new trial. Affirmed.

*C. B. Jack* and *J. N. Castle*, for appellants.

*J. N. Searles*, for respondent.

CANTY, J.[2] On October 1, 1873, one Gardner was the owner of a certain quarter section of land in Washington county, and on that day sold and conveyed it to the defendants Fredolin Blumer and Sebastian Blumer, two unmarried persons, for the sum of $6,000, $2,000 of which was paid in cash, and a mortgage on the land executed by them to Gardner to secure the balance of $4,000. On December 27, 1876, Fredolin and Sebastian made a deed of the land back to Gardner, and he executed to them at the same time

[1] Reported in 65 N. W. 454.    [2] Buck, J., did not sit.

an agreement to reconvey to them upon the payment to him of $4,000 and interest thereon. This transaction was intended by the parties thereto as a renewal of the mortgage, and an extension of the time of payment of the mortgage indebtedness. Thereafter, on December 3, 1878, Sebastian married the defendant Matilda, and he and she have since occupied the west one-half of the quarter section as their homestead. On July 30, 1884, at the request of Fredolin and Sebastian, plaintiff paid Gardner the sum of $4,500, took from Gardner a conveyance of the quarter section to secure the repayment of the same, and thereupon Fredolin and Sebastian released Gardner from his agreement to reconvey to them, and took a similar agreement from plaintiff, by the terms of which he agreed to reconvey to them on being paid said sum of $4,500 and interest thereon. It was intended by all the parties to this transaction to give plaintiff a mortgage lien on the land to secure the payment to him of said sum of $4,500 and interest thereon. The defendant Matilda took no part in this transaction. This action is brought by plaintiff to foreclose this lien. The case was tried by the court without a jury, judgment was ordered for plaintiff, and from an order denying a new trial the defendants appeal.

It is contended by appellants' attorney that, as the defendant Matilda, the wife of Sebastian, did not consent in writing to the conveyance or mortgage to plaintiff, the same is void as to the west 80 acres, occupied by Matilda and Sebastian as their homestead, and that, as against them, plaintiff has no lien on this 80 acres. We cannot agree with counsel. We are of the opinion that plaintiff succeeded to the rights of Gardner. At the time the deed from Gardner to plaintiff was made, the mortgage indebtedness and interest due from Fredolin and Sebastian to Gardner, was, as the court finds, the sum of $4,370. To this extent this transaction amounted to nothing more than the assignment from Gardner to plaintiff of a prior mortgage, superior to the homestead rights of Sebastian and his wife, and it was only this amount that was declared a lien on the land prior and paramount to their homestead rights, with interest on this sum at the rate agreed to be paid Gardner, which was less than the rate agreed to be paid to plaintiff. The $130, being the balance of the $4,500 paid over by plaintiff to Gardner for the use and benefit of Fredolin

and Sebastian, was held not to be a lien on this homestead interest, or any other part of the mortgaged premises, and no part of the mortgaged premises was ordered sold to pay the same. Then Sebastian and his wife, Matilda, have nothing to complain of on that score.

Personal judgment was ordered against Fredolin and Sebastian for this balance of $130 and interest thereon, and the excess of interest which they agreed to pay plaintiff over and above the rate of interest which they agreed to pay Gardner on the sum so found to be secured by the mortgage. The total amount of these items was found to be $327.95, and it was ordered that, after the foreclosure sale, judgment be entered for this sum and for any balance or deficiency of the sum so found secured by the mortgage remaining unsatisfied after the sale. It is contended on behalf of Fredolin and Sebastian that they were entitled to a jury trial as to this balance of $327.95 not secured by the mortgage. Whether if there was an issue as to whether or not they owed this sum to plaintiff, they would, under the circumstances, be entitled to a jury trial if they had demanded one, we need not determine. There was no such issue. In their answer, they admitted that they received the full $4,500 from plaintiff, and that they agreed to pay him the rate of interest he claims, and allege no payments except such as are admitted in his complaint, so that their liability to pay this indebtedness is admitted. There is nothing in the point that the court should not have found this $327.95 to be due until after the foreclosure sale.

This disposes of all the questions raised having any merit, and the order appealed from is affirmed.